UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Cr. No. 05-372 (JB) |
| : | |
| EDDIE DUBOSE, : | |
| : | |
| Defendant. : | |

## MOTION TO SUPPRESS PHYSICAL EVIDENCE AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF AND REQUEST FOR EVIDENTIARY HEARING

Defendant, Eddie Dubose, through undersigned counsel, respectfully moves this Honorable Court, pursuant to the Fourth amendment to the United States Constitution, to suppress at trial all evidence seized by law enforcement agents as the fruit of his illegal stop, search, and arrest. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

### STATEMENT OF FACTS[1]

On September 7, 2005, the Defendant was stopped by six members of the 4th District Focus Mission Unit while walking in the 5000 block of 7th Street, N.W.. According to the officers, the Defendant was stopped because earlier in the day the Metropolitan Police Department received an anonymous email saying the Defendant was in the 600 block of Emerson

---

[1] This statement of facts is a summary based on the P.D. 163 police report, and other information provided by the government to the Defendant during discovery. By including in this motion the facts as alleged by government, the Defendant does not in any way concede that these facts are accurate or true.

Street, N.W. selling narcotics. The officers approached the Defendant and ordered him to produce some identification. In response to the officers' directive, the Defendant produced his driver's license. The officers took the Defendant's license and then asked if he was armed. In response to the officers' question, the Defendant stated that he had a small knife hanging from a chain around his neck and that he had the knife to use lawfully for self protection. The officers immediately removed the chain and knife from around the Defendant's neck and placed the Defendant under arrest. After arresting the Defendant, the officers continued to search the Defendant and recovered a set of car keys from the Defendant's pocket. The officers took the keys and "found" that the keys matched a Lexus automobile parked in an alley two black away from where the Defendant was arrested.[2]

After "finding" that the keys recovered from the Defendant matched the Lexus automobile found in an alley two blocks away, Ofc. Jones "noticed the vehicle's description matched a vehicle involved in an undercover narcotics buy-bust operation" that occurred nearly a month earlier. The officers seized the vehicle and had it towed to the 4th District. Once at the 4th District impound lot, the officers searched the vehicle and found a handgun in the glove compartment, narcotics inside a canvass bag, and a photo album with the Defendant's picture inside the car. The police did not have a warrant to either seize or search automobile.

## SUMMARY OF ARGUMENT

Because the officers did not have probable cause to arrest the Defendant, all fruits of the illegal detention must be suppressed including all physical evidence allegedly recovered from the

---

[2] In the discovery provided so far, the government has not disclosed how the officers made this "finding."

Defendant. Even if the officers had probable cause to arrest the Defendant, there was no basis for the seizure and search of the Lexus automobile and all evidence recovered from the car also must be suppressed.

**ARGUMENT**

**I. ALL EVIDENCE SEIZED FROM THE DEFENDANT MUST BE SUPPRESSED BECAUSE HIS ARREST WAS UNCONSTITUTIONAL**

A warrantless arrest of an individual is unconstitutional unless the government establishes that the arrest was supported by probable cause.  Hayes v. Florida, 470 U.S. 811 (1985); Royer, 460 U.S. at 500; United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980); see also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1959).  Probable cause exists when "the totality of the circumstances, as viewed by a reasonable and prudent police officer in light of his training and experience, would lead that police officer to believe that a criminal offense has been or is being committed." Halliman, 923 F.2d at 881 (citing Green, 670 F.2d at 1152).  A seizure exists when a reasonable person in the defendant's position would not feel free to leave.  United States v. Mendenhall, 446 U.S. 544, 554 (1980).   Though not all seizures rise to the level of a full-blown arrest, police officers must nevertheless have a reasonable, articulable suspicion to justify even a more limited investigatory stop.  See Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Here, the government cannot adduce sufficient sworn testimony at a hearing to demonstrate that the officers had reasonable suspicion to stop the Defendant.  By stopping the Defendant in the 5000 block of 7th Street, N.W., and demanding his identification, the officers executed a stop of the Defendant.  Yet, at the hearing, the government will be unable to provide

articulable facts giving the officers reasonable suspicion to conduct the stop of the Defendant. As a result, any evidence seized and any statements made subsequent to and as a result of the stop must be suppressed as fruits of the poisonous tree. Wong Sun v. United States, 371 U.S. at 471, 484-85 (1963).

## II. THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE ARREST OF THE DEFENDANT

As discussed above, the Defendant asserts that his warrantless stop, search and seizure violated the Fourth Amendment. In such cases, the government has the burden of showing probable cause for a warrantless arrest. Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officer at the time he seized the Defendant justified that seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949). An evidentiary hearing will show that there was no legal basis to stop the Defendant. See, United States v. Christian, 187 F.3d 663 (D.C. Cir. 1999). The government does not allege any reason for the stop of the Defendant other than the Defendant was seen walking in an area where there was a report of drug activity. Since exclusion of any evidence recovered as a result of a Fourth Amendment violation is the proper remedy in such circumstances, the Defendant requests that any evidence seized or obtained as a result of the search of his car be suppressed. See Wong Sun v. United States, 371 U.S. 471 (1963) (concerning suppression of evidence derived from initial improper police conduct).

### III. OFFICERS DID NOT HAVE PROBABLE CAUSE TO BELIEVE THAT THE LEXUS AUTOMOBILE CONTAINED CONTRABAND OR EVIDENCE OF A CRIME

The seizure and search of the Lexus automobile was invalid unless officers had probable cause to believe that contraband or evidence of a crime was secreted inside the car. "Probable cause to search exists where in view of the 'totality of the circumstances,' 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Gilliam, 167 F.3d at 633 (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). At a hearing, the government will be unable to adduce sufficient evidence to show that officers had probable cause to seize and search the Lexus automobile. Indeed, the officers had absolutely no reason to believe contraband or evidence of a crime might be located inside the Lexus automobile.

WHEREFORE, for the foregoing reasons, and for any which may become apparent at a hearing on this motion, it is urged that this Court grant this Motion to Suppress.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender

/s/

DAVID W. BOS.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC 20004
(202) 208-7500

**CERTIFICATE OF SERVICE**

I, David W. Bos., Assistant Federal Public Defender, hereby certify that a copy of the motion has been served upon Wanda Dixon, Esquire, Assistant United States Attorney.

/s/
_____
DAVID W. BOS
Assistant Federal Public Defender

**DATE:**