UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No.: 05-372 (JDB) |
| | : | |
| **EDDIE DUBOSE,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S REPLY REGARDING SUPPRESSION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds that the fact that the vehicle at issue in this case was on private property is in fact a bar to the government's ability to tow it on the grounds that it is unregistered.  However, the fact that the car is on private property and not a public street is no bar to its seizure as evidence in the prior drug case or for forfeiture because 1)the defendant has not shown that he has standing in the car or that he has standing in the property where the car was seized; 2) the car was in plain view and could lawfully be seized as evidence (in the prior drug transaction) or as forfeitable property; and 3)the car could have been searched as incident to the defendant's arrest, consequently the fact that it was moved from its location is not material.

1. Despite the fact that the issue of standing is "more properly placed within the purview of substantive Fourth Amendment law" (see United States v. Lawson, 410 F.3d 735), the fact remains that here, the defendant has not shown that he has a privacy interest in the car that should be protected against the  government's ability to search and or seize it as evidence or forfeiture.  Moreover here, since the property where the car was seized did not belong to the defendant, he cannot show standing to object to the seizure of the car from the property.  See United States v. Mendoza, ___ F.3d ___, 2006 WL 408052 (7th Cir. Feb. 23, 2006).

2.  The car was in plain view, and its status as evidence in the prior case and as forfeitable property was immediately apparent to the officers upon confirmation of its tag number, color, make and model.   Consequently the fact that the car was on private property is no bar to its seizure for those purposes.  Evidence that is in plain view is subject to seizure as long as the officers are lawfully in an area where they have a right to be.  See, e.g. 34 Geo. L.J. Ann.

Rev. Crim. Proc. 64 - 67 (2005), see also United States v. Mendoza, ___ F.3d ___, 2006 WL 408052 (7th Cir. Feb. 23, 2006); Cardwell v. Lewis 417 U.S. 583 (1974).

     3. The car could have been searched as incident to the defendant's arrest in this case. As previously argued, defendant was under arrest for carrying a dangerous weapon, and his subsequent resistance of that arrest and assault on the officers were also intervening, independant grounds for his arrest. Since the police observed the defendant alight from the car before their encounter with him, and since the grounds for his arrest emanated shortly thereafter, the car could have been searched as incident to his arrest. See Thornton v. United States 541 U.S. 615 (2004). Here, the fact that the police took the car to another location should not impact on their ability to conduct such a search. See, e.g. 34 Geo. L.J. Ann. Rev. Crim. Proc. 94, n. 263 (2005)

     Wherefore for these reasons and any other reasons as may appear to the Court, the government requests that the defense motion to suppress be denied.*/

                                      Respectfully submitted,
                                      KENNETH L. WAINSTEIN
                                      UNITED STATES ATTORNEY

                                      _____/s/_____
                                      WANDA J. DIXON
                                      ASSISTANT UNITED STATES ATTORNEY
                                      555 Fourth Street, N.W.
                                      Fourth Floor, Room 4122
                                      Washington, D.C. 20530
                                      (202) 514-6997

---

     */ The government is mindful of the Court's directive that this pleading consist of no more than one page, and respectfully requests leave to extend its response by one half page.