UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No.: 05-372 (JDB) |
| | : |
| EDDIE DUBOSE, | : |
| | : |
| Defendant. | : |

GOVERNMENT'S REPLY TO
DEFENDANT'S SUPPLEMENTAL MEMORANDUM OF LAW

The United States, by and through its attorney, Kenneth L. Wainstein, the United States Attorney for the District of Columbia, hereby submits that a) the defendant is required to have a reasonable expectation of privacy in the property upon which the vehicle was parked in order to challenge the warrantless seizure of that vehicle, and (b) the record in this case does not indicate that defendant in fact had such a reasonable expectation of privacy at the time of the seizure.

**1. The defendant must show standing in the place from which the evidence was seized.**

A defendant can certainly have standing in a place that is not his own. See, eg. Minnesota v. Olson, 495 US 91 (1990) and Minnesota v. Carter, 525 US 83 (1998). However, the law is very clear that in order to challenge the reasonableness of a search, or in this case, a seizure, the defendant must show or somehow demonstrate that he has a subjective expectation of privacy in the area that society is prepared to recognize as objectively reasonable. See 34 Geo. L.J. Ann. Rev. Crim Proc 5 (2005). It is important to remember that here, it is the seizure of the automobile that is being challenged–the law is clear and the defendant concedes that a search of a vehicle based on a dog sniff as it was in this case is supported by probable cause. See Tr. at 66-67. It is also important to remember that the discovery of the car in this case was not occasioned by a search–the car was in plain view to the officers from the street. It is also important to remember that the police seized this car as **evidence** and for **forfeiture**–upon looking at the car, and confirming the make, color and license plate number, its status as evidence in the prior drug sale and as forfeitable property was apparent to them.[1] It is analogous to a situation wherein the police know that a unique and distinctive handbag is relevant as evidence in a robbery. If the

---

[1] The police seized the car as evidence, and not to look for evidence. They did not look for evidence inside the car until the drug dog indicated that contraband was present inside the car.

police see that handbag in someone's yard, and they are able to see and confirm that this is the unique and distinctive handbag involved in the robbery, they are certainly entitled to seize the bag as evidence, and in order to protest that seizure, a defendant must first show that he has standing in the place where the police seized the handbag.

**2. The record in this case does not permit a finding that the defendant has standing in the yard from which the vehicle was seized.**

The record in this case does not reflect that the defendant had a reasonable expectation of privacy in the yard from which the car was seized. It is true that the transcript indicates that a person told the officers that the residence in question was the home of the person's mother. However, the person did not indicate that the residence was the home of the **defendant's** mother. Family relationships can be complicated, and the fact that two people are brothers does not at all indicate that they have the same mother, or even that the mother of one brother is a person who is known to the second brother. Without more, the evidentiary record cannot be read to indicate that the defendant knew the person who lived at the residence, or that he himself had any connection to the residence (regardless of whose mother lived there), or even that the car was parked on the property with the permission of the resident. However, the record does indicate that the defendant told the police that he lived in College Park, and that he had just arrived in the area by bus, thus indicating in this record that the defendant denied any connection to either the car or to the property where it was parked. Tr. at 7. Consequently, here, as in <u>United States v. Mendoza</u>, 483 F.3d 792 (7th Cir 2006) there is no evidence in this record that the defendant has either a subjective or reasonable objective expectation of privacy in the area that would enable him to contest the seizure of property from this residence.[2]

Of course, even if the defendant can show that he has a legitimate expectation of privacy in the area where the car was found, that would still not prevent the police from seizing the car in this case as evidence or for forfeiture, because the car was in plain view, its status as evidence and or forfeitable property in the prior case was apparent to the officers upon observation and verification, and the police observations of the car were made from a place where the police had

---

[2] Defendant's affidavit filed as an exhibit to the defendant's memorandum is not a part of the original record in this case, and should not be accepted by the Court as evidence that the defendant has standing in the property in question. If the Court is considering acceptance of the representations made in the affidavit, the government requests the opportunity to cross examine the representations made therein, and to submit evidence in rebuttal thereof.

a legitimate right to be. See 34 Geo. L.J. Ann. Rev. Crim. Proc. 64-67 (2005). [3]

    For these reasons, and any other reasons as may appear to the Court, the United States respectfully submits that defendant's motion to suppress physical evidence should be denied.[4]

                              Respectfully submitted,
                              KENNETH L. WAINSTEIN
                              UNITED STATES ATTORNEY

                              _____/s/_____
                              WANDA J. DIXON
                              ASSISTANT UNITED STATES ATTORNEY
                              555 Fourth Street, N.W.
                              Fourth Floor, Room 4122
                              Washington, D.C. 20530
                              (202) 514-6997

---

[3] Defendant invites the Court to consider United States v. McCormick, 502 F.2d 281 (9th Cir. 1974) in response to issues previously raised by the government. The government is constrained to point out that 1) the McCormick case is 22 years old, and in that case, the government relied solely on 49 U.S.C. section 782 to justify the search and seizure of McCormick's automobile, whereas here, the seizure of the car is based on its status as evidence in the prior drug case and its status as a forfeitable instrumentality of the prior drug sale.

[4] The government apologizes to the Court for going slightly beyond the two-page limitation regarding its reply to the defense pleading, and asks the Court to accept the additional one-quarter page submitted herein.