**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cr. No.  05-372 (JDB)** |
| | ) | |
| **EDDIE DUBOSE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MOTION TO STRIKE GOVERNMENT EXHIBITS**

Defendant, Eddie Dubose, through undersigned counsel, respectfully moves this

Honorable Court, pursuant to McRae v. United States, 420 F.2d 1283 (D.C. Cir. 1969) and

United States v. Greely, 425 F.2d 592 (D.C. Cir. 1970), to strike both exhibits attached to the

Government's Motion for Reconsideration Of The Court's Order Granting In Part Defense

Motion To Suppress Physical Evidence.  In support of this motion counsel for Mr. Dubose states:

1.  On February 9, 2006, the Defendant filed a Motion to Suppress Evidence in which the

Defendant asserted that evidence obtained from a Lexus automobile was illegally obtained.

2. On February 16, 2006, the Government filed the first of *six* responses to the Defendant's

motion.

3. On February 23, 2006, the Government filed a "Supplemental" response to the

Defendant's Motion. In its pleading, the Government alerted both the Defendant and the Court

that the Government took the position  the Defendant did not have a legitimate expectation of

privacy in this case, and thus the Defendant could not challenge the recovery of the items seized

from the Lexus.

4. On February 24, 2006, the Court convened an evidentiary hearing on the Defendant's Motion to Suppress Physical Evidence, and the Government's Response and Supplemental Response to the Defendant's motion. Before taking testimony at the hearing, the *Government* asked to address the issue of whether the Defendant had a legitimate expectation of privacy in this case. The parties engaged in a short discussion of the issue and the Court then asked the Government how many witnesses it intended to call at the hearing.  The Government stated it intended to call two witness at the hearing, Officers Ramey Kyle and Reginald Jones of the Metropolitan Police Department. At the conclusion of the testimony, the Court asked the Government if it had any additional witnesses or evidence. Tr. at 53. The Government said it did not. Id. The Court then asked the Defendant if he intended to call any witnesses or introduce any evidence at the hearing. The Defendant said he did not.

At the conclusion of the evidentiary stage of the proceeding and hearing argument from the parties, the Court asked for additional briefing from the parties.  Addressing the Government, the Court specifically noted that [t]he facts are now clear, so don't be adding facts." Tr. at 75.

5. On March 31, 2006, the Government filed it's *fifth* pleading in response to the Defendant's motion to suppress evidence. Government's Response to Defendant's Replay Regarding Suppression. Again, the Government specifically argued that the Defendant did not have a legitimate expectation of privacy in this case.

6. On April 13, 2006, the Government filed it's *sixth* pleading in response to the Defendant's motion to suppress evidence. Government's Reply to Defendant's Supplemental Memorandum of Law. The *sole* issue addressed in the Government's pleading was whether the Defendant had a legitimate expectation of privacy in this case.  In it's pleading, the Government

specifically asked the Court for permission to introduce additional evidence on the issue. Govt.

Reply to Defendant's Supplemental Memorandum of Law, n. 2. The Defendant did not object to

the Government's request.

7. On April 19, 2006, the Court convened a second evidentiary hearing on the

Defendant's motion to suppress. *The sole purpose of the hearing was to allow the Government*

*an opportunity to elicit additional evidence on the issue of whether the Defendant had a*

*legitimate expectation of privacy in this case*. Notwithstanding the opportunity to introduce

additional evidence, without objection by the Defendant, the Government made a conscious,

strategic and calculated decision  not to offer additional evidence at the hearing.[1] Later that day,

---

[1] As the following excerpt from the hearing reveals, the Government's decision came not only
as a surprise to the Court and the Defendant, but was carefully calculated by the Government:

    THE COURT:  All right.  That means, Mr. Dubose, that you would take the stand at this
time.

    MS. DIXON:  Before that happens, Your Honor, this affidavit is going to be the defense's
entire submission with regard to standing; is that correct?  I mean, this is all the Court has
permitted.

    THE COURT:  You're looking at me?

    MS. DIXON:  Yes.  I'm asking if you're permitting him to do anything else other than
what's in the four corners of this affidavit with regard to establishing standing in the place
where

    THE COURT:  We don't use the term standing, Ms. Dixon.

    MS. DIXON:  Expectation of privacy, as has been elucidated by the court of appeals.

    THE COURT:  There is nothing further that the defendant has proffered, and except for
the opportunity to, quote-unquote, redirect of after your cross-examination, I would
assume that Mr. Bos is not going to be offering anything else, but we'll let him speak to
that first before I decide whether he can.

    MR. BOS:  Your Honor, my understanding of the Court's order was just as the Court said.
To the extent that I feel I need to do some redirect examination, I think I would be
entitled to do that.  But certainly --

    THE COURT:  I certainly believe you would be entitled to do it.  Again, I'm going to
limit this very strictly to the subject matters in the affidavit.

    MR. BOS:  Right.  And I have no expectation at this point to put on any type of additional
evidence.

    THE COURT:  All right.  Ms. Dixon.

the Court granted the Defendant's motion to suppress the items found inside the Lexus.

8. Rather than moving to re-open the evidentiary hearing in this case, an avenue precluded under binding case law from this Circuit, the Government has now sought to "supplement" the factual record in this case by introducing additional evidence in the form of an affidavit from Officer Reginald Jones (who was present and in fact *testified* at the first suppression hearing on February 24, 2006) and redacted Grand Jury testimony from L'nda Dubose. The Grand Jury testimony from Ms. Dubose was in the Government's possession as of September 29, 2005 – five months before the February 24, 2006, hearing, and seven months before the April 19, 2006, hearing.  Similarly, the Affidavit from Officer Jones relates solely to an interview Officer Jones had with Ms. Dubose on September 29, 2005 – five months before the February 24, 2006, hearing, and seven months before the April 19, 2006, hearing.

9. Because the Government has not advanced any justification for its failure to elicit this information at either the February 24, 2006, suppression hearing, or the April 19, 2006, supplemental suppression hearing -- a hearing held solely for the purpose of resolving this very issue, as required by McRae v. United States, 420 F.2d 1283 (D.C. Cir. 1969) and  United States v. Greely, 425 F.2d 592 (D.C. Cir. 1970), the Government's motion to supplement the factual record must be denied.

---

> MS. DIXON:  That being the case, Your Honor, I have no cross-examination on this affidavit.  However, I would like the Court to hear argument on why I believe it is insufficient to establish any standing.
> THE COURT:  All right.  So no cross-examination even after you said you wanted to cross-examine.
> MS. DIXON:  Well, you know, Your Honor, as I looked at the cases --
> THE COURT:  Things change every day in this suppression motion, don't they.

Tr. at 4.

**ARGUMENT**

Our Court of Appeals has clearly and unequivocally held that "[t]he government cannot relitigate the issues resolved by a suppression order without advancing some justification for its failure to develop those issues fully at the initial hearing." United States v. Greely, 425 F.2d 592, 563, (D.C. Cir. 1970) citing, McRae v. United States, 420 F.2d 1283 (D.C. Cir. 1969) (relitigation of suppression order improper when government failed to explain why issues, known to the government at the time of the initial hearing, were not fully developed at initial hearing). See also, United States v. Villabona-Garnica, 63 F.3d 1051 (11th Cir. 1995)("when the government moves to reconsider a suppression motion previously granted, it must provide a justification for that motion . . . [and] . . . by failing to raise an issue at the suppression hearing without offering any justification therefor, the government waives its right to assert it in subsequent proceedings."); accord, United States v. Coward, 296 F.3d 176 (3rd. Cir. 2002)(reopening inappropriate when the government was fully aware of what it had to establish to successfully oppose the defendant's suppression motion and nothing suggested that the evidence was either newly discovered or unavailable during the first hearing).

Here, the Government has not advanced any (let alone "some") justification for its failure to re-call Officer Jones at the April 19, 2006, hearing. Nor has the Government advanced any justification for it's failure to call Ms. Dubose at either the February 24, 2006, hearing or the April 19, 2006 hearing, even though the Government had the information it now seeks to introduce *since September 25, 2005*. There is no evidence that Officer Jones was unavailable on the April 19, 2006. Nor is there any evidence that Ms. Dubose was unavailable on either February 24, 2006, or April 19, 2006. Therefore, the evidence the Government now seeks to

introduce is neither "newly discovered," see, United States v. Kithcart, 218 F.3d 213, 220 (3rd

Cir. 2000),  nor "unavailable or unknown at the time of the first hearing for some good reason."

McRae, 420 F.2d at 1289.

In  United States v. Greely, 425 F.2d 592 (D.C. Cir. 1970),  the defendant successfully

moved to suppress identification testimony of two witnesses.  The suppression order noted the

identifications were tainted, in part, by an arrest made without probable cause. Id. at 592.  The

government sought reconsideration of the suppression order based on "additional evidence newly

proffered by the government." Id. Specifically, the government sought to elicit testimony

establishing probable cause for the defendant's arrest.  The trial court refused to reconsider its

ruling, and the government appealed the trial court's order suppressing the identifications.

Remanding the case to the trial court on a different issue, the Court of Appeals

nevertheless provided the trial court with instructions on how to resolve the probably cause issue.

The Court stated in connection with the "additional evidence newly proffered by the

government" relating to probable cause for the defendant's arrest, that the government could not

"relitigate the issues resolved by a suppression order without advancing some justification for its

failure to develop those issues fully at the initial hearing." Id. at 593, citing McRae at 420 F.2d at

1288-89.  The Court noted that there was "no showing in the record" as to why the "additional

evidence newly proffered by the government" was not presented at the initial hearing. Therefore,

"[i]n the absence of any explanation for the failure of the government to elicit [the] testimony

previously," the government was precluded from introducing the evidence at a subsequent

hearing. Id.[2]

Binding case law in this Circuit requires the Government to "advance some justification" for its failure to elicit the information it now seeks to introduce at *either* the February 24, 2006, hearing or the April 19, 2006 hearing.  The Government has not (and cannot) offer any justification for its failure to elicit the information it now seeks to introduce at either the February 24, 2006 hearing  or, more important, at the April 19, 2006, hearing where the only issue addressed was whether the Defendant had a legitimate expectation of privacy in this case.[3] The Court, therefore, should strike from the record the affidavit from Officer Jones and the redacted Grand Jury testimony from Ms. Dubose.

WHEREFORE, for the foregoing reasons it is urged that this Motion be granted.

---

[2] See also, United States v. Dickerson, 166 F.3d 667, 679 (4th Cir. 1999), rev. on other grounds, 530 U.S. 428 (2000) , noting "district court has a strong interest in controlling its docket and avoiding piecemeal litigation". . .  [W]hen the evidence forming the basis for a party's motion for reconsideration was in the movant's possession at the time of the initial hearing, as was the case here, the movant must provide a legitimate reason for failing to introduce that evidence prior to the district court's ruling on the motion to suppress. . ."

[3] Moreover, any argument that the Government was proceeding under the mis-impression that the Lexus was seized from public property until sometime after April 19, 2006, is simply belied by the record.  At the February 24, 2006 hearing, under direct examination by the Government, Officer Jones testified that the Lexus was on private property. Tr. at 38.  In his March 24, 2006, pleading, the Defendant summarized Officer Jones' testimony regarding the location of the Lexus on private property. And, most important, at the March 29, 2006, status hearing, the Court specifically admonished the Government's for its failure to addressing the issue. "For example, you've never addressed the fact that the seizure of the automobile here took place when the automobile was parked on private property." Tr. at 3.

Respectfully submitted,

A.J. KRAMER
Federal Public Defender


/s/


_____
DAVID W. BOS.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
 (202) 208-7500


## CERTIFICATE OF SERVICE

I, David W. Bos., Assistant Federal Public Defender, hereby certify that a copy of this motion has been served upon Wanda Dixon, Esquire, Assistant United States Attorney


/s/

_____
DAVID W. BOS
Assistant Federal Public Defender


**DATE:**