UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 05-372 (JDB) |
| | : | |
| EDDIE DUBOSE, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S REPLY TO
DEFENDANT'S RESPONSE TO MOTION TO RECONSIDER

    The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to the defendant's response as follows:

**The Lexus' nexus to crime was immediately apparent.**

    At the time that the police seized the Lexus in this case, they knew several things about it, such that it was immediately apparent to them that the Lexus had a connection to criminal activity in this case, thus establishing the probable cause to seize it. The following factors were known to the police at the time of the seizure.

    1. The Lexus had participated in a drug sale some 30 days prior to that date.[1]

    2. The Lexus had fled the scene and eluded capture by the police on the date of the prior drug sale.

    3. The Lexus was an integral part of the drug sale on August 11, 2005, because the person who sold the drugs needed to gain access to the Lexus before completing the drug sale, thus giving rise to the reasonable inference that drugs were contained in the Lexus, having been brought to the scene by the Lexus and or its driver.

    4. A person named Eddie Dubose was reputed by members of the community to be a drug dealer in the area of 600 Emerson Street, NW.

---

[1] Despite the fact that the time lapse between the first sale and the date of the seizure has been referred to as 30 days throughout the pleadings and proceedings in this case, there were in fact 27 days between the August 11 drug sale and the September 7, 2005 seizure in this case.

5. The reputed drug dealer, Eddie Dubose, when encountered by police on September 7, tried to make police think he had no connection to the reputed drug location of the 600 block of Emerson Street by telling them that he did not live in the area.

6. On September 7, the Lexus from the August 11, 2005 drug sale was parked in the reputed drug activity location of 600 Emerson Street, NW, specifically behind 631 Emerson.

7. The driver of the Lexus on the day of the seizure was the reputed drug dealer, Eddie Dubose.

8. The reputed drug dealer, Eddie Dubose, had tried to make police think that he had no connection to the Lexus on the day of the seizure, by telling them the falsehood that he had arrived in the area by bus.

9. The reputed drug dealer, Eddie Dubose, tried to avoid being taken into custody and to distance himself from the Lexus by physically resisting his arrest for Carrying a Dangerous Weapon, despite the fact that he was surrounded by armed police officers.

10. The reputed drug dealer, Eddie Dubose, tried to avoid being taken into custody and to distance himself from the Lexus by running from armed police officers down the middle of a city street in traffic, despite the fact that he was barefoot and handcuffed.

11. The reputed drug dealer, Eddie Dubose, told police that he felt he needed to carry a weapon for protection.

All of this information was a part of the collective knowledge of the police department at the time that the Lexus was seized. When taken together, this information shows that there is probable cause to believe that the Lexus was evidence of the August 12 drug transaction, and that there was probable cause in the collective knowledge of the police department to believe that the Lexus contained fruits or instrumentalities of criminal activity on September 7, 2005, or that the Lexus itself was the fruit or instrumentality of criminal activity. Since the nexus to crime was immediately apparent to the police at the time that the Lexus was seized, especially when viewed through the collective knowledge of the police, the police had ample justification to seize the Lexus.

The defendant makes much of the fact that the court in the <u>Collins</u> case found that a six days time lapse between the date of a robbery and the date of seizure of the vehicle involved did

not give rise to probable cause to believe that vehicle may contain contraband from the robbery. See Collins v. United States, 439 F.2d 610 (1971). However, it is important to note that of the three judge panel that decided Collins, only one of the judges found that 6 days was too long to support probable cause under the circumstances.2/ Moreover, probable cause to believe that a vehicle might contain a coin box and a large amount of change – objects which in and of themselves are not illegal, and as such, are readily disposable and have limited value – is quite different from probable cause to believe that a vehicle which had previously been used to transport narcotics might continue to be used in that manner. In other words, it is reasonable to believe that the proceeds from any one particular robbery would be disposed of quickly. However, by contrast, with regard to drug trafficking, it is very reasonable to believe that such drug trafficking may be an ongoing activity, and that a vehicle which had been used to transport drugs on one occasion might still be used to transport drugs on other occasions. Here, in fact, the citizen email that started the police investigation in this case indicated that the drug trafficking of Eddie Dubose was ongoing. Tr. 4 - 5. Here, as already outlined, the police knew many things about the Lexus when they saw it again on September 7. In light of the collective information that the police knew about this particular person and this particular car, when the officers saw the Lexus on September 7, they had probable cause to believe that it had a nexus to criminal activity on that day, based on the activity they had witnessed on August 11, based on the email that they had received regarding the Eddie Dubose, who they knew to be the driver of Lexus at the time of the seizure, and based on information they gleaned from their investigation regarding Mr. Dubose and the Lexus on September 7, 2005.

**The officers viewed the Lexus and its license plate from a lawful vantage point.**

The officers were in the alley way behind 631 Emerson Street when they viewed the Lexus and its license plate. Tr. 5; 18; 38; 44. Since an alley way is not private property but a

---

2/ In the Collins case, Judge Robinson found that the 6 day lapse was too long to support a probable cause finding. Judge Fahy concurred in the decision because he found that the arrest of the appellant was unlawful, and that the results of the seizure were inadmissible as the fruit of an unlawful arrest. Judge Robb had no problem with the finding of probable cause under the facts of Collins and consequently issued his dissenting opinion.

public area where the officers or anyone else have a lawful right to be, the officers view of the Lexus and its license plate from that area was lawful, in that they viewed the Lexus from a location where they had a legal right to be.

**The defendant cannot contest the lawfulness of the officer's entry onto the property to seize the Lexus because of his lack of a privacy expectation in the property.**

Under the circumstances of this case, for the reasons set forth in the Government's motion for reconsideration, the defendant lacked sufficient privacy expectations to challenge the seizure of this vehicle from its location in the yard.  Consequently, the defendant cannot assert the Lexus' location on private property as a bar for its plain view seizure, and the lawful right of access element of the plain view doctrine does not apply.

**The Coolidge case does not apply to this situation.**

Defendant argues that the plain view argument asserted in this case has been rejected by the Supreme Court in Coolidge v New Hampshire, 403 U.S.448 (1971).  Initially, the government notes that the inadvertence aspect of the doctrine as articulated in Coolidge has been abrogated by Horton v. California, 496 U.S. 128 (1990).3/  More importantly, however, in Coolidge, the search in question occurred in **defendant's** car, which was parked in **defendant's** driveway.  Therefore the defendant's ability to contest the search and seizure in Coolidge was beyond doubt, since his expectation of privacy in both the car and the premises was clear.   Here, the defendant has never asserted ownership of the Lexus.  In fact, the government has never conceded that the defendant has shown ownership of the car, or that he has demonstrated that he has a legitimate expectation of privacy in the car or its contents.  Moreover, the place where the Lexus was found in this case did not belong to the defendant, and the government contends that he has not shown that he has a legitimate expectation of privacy therein.   Consequently, the issues in this case are not the issues that were before the Court in Coolidge, and the analysis

---

3/ This is noted only because the portions of the Coolidge opinion that were cited by the defendant in his response refer to inadvertent discoveries and planned seizures.  See Defendant's Response at 5 and 6.

therein is inapplicable here, where the expectation of privacy issues preclude the defendant from lawfully contesting the legality of the seizure of the car.

Wherefore for these reasons and any other reasons as may appear to the Court, the government requests that the Court reconsider its order suppressing the evidence that was taken from the green Lexus in this case.

        Respectfully submitted,
        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY


        _____/s/_____
        WANDA J. DIXON
        ASSISTANT UNITED STATES ATTORNEY
        555 Fourth Street, N.W.
        Fourth Floor, Room 4122
        Washington, D.C. 20530
        (202) 514-6997