UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.: 05-372 (JDB) |
| | : | |
| EDDIE DUBOSE, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO STRIKE GOVERNMENT EXHIBITS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to the defendant's motion by stating that the government's exhibits should not be stricken because they do not represent an attempt to relitigate an issue that was developed at the suppression hearing, but instead are a response to the defendant's belated attempt to meet his burden with regard to his expectation of privacy.

The defendant has the burden of showing that he has an expectation of privacy that allows him to set forth a challenge to the seizure of evidence by the government. See Katz v. United States 389 U.S. 347 (1967); Rakas v. Illinois, 439 U.S. 128 (1978); Rawlings v. Kentucky, 448 U.S. 98 (1980).   Here, despite the fact that the government raised the issue of defendant's expectation of privacy prior to the evidentiary hearing in this case 1/, the defendant did not adduce any evidence on that point, and the issue was never addressed at the evidentiary hearing on defendant's motion to suppress held on February 24, 2006.  At the conclusion of the evidentiary hearing on the motion to suppress, the government again indicated to the Court that it continued to maintain that the defendant needed to show that he had an expectation of privacy that entitled him to suppression.  See Transcript at 60 - 61.  March 24, 2006 was the first time

---

  1/ See Addendum to Government's Response to Defense Motion to Suppress Physical Evidence filed on February 23, 2005.  See also Transcript at 2 - 3.

that the defendant posited the car's location on private property as a bar to seizure. See Defendant's Reply to the Government's Supplemental Response to Defense Motion to Suppress Physical Evidence at 11. On March 31, 2006 the government's response to the defendant's reply regarding suppression reiterated the government's position that the defendant had failed to show an expectation of privacy that would justify suppression in this case, and asked the Court to deny suppression for that reason. See Government's Response to Defendant's Reply Regarding Suppression filed March 31, 2006. The Court then ordered the defendant to address the government's position regarding his expectation of privacy. Specifically, the Court ordered that the defendant's response address two narrow issues: 1) whether there was a requirement that the defendant have a reasonable expectation of privacy in the property where the vehicle was parked and 2) whether the record in the case reflected such an expectation. The Court further ordered that "no party shall address any issue other than the narrow one specifically identified in this Order." See Order dated April 10, 2006. Notwithstanding the Court's prohibition on addressing other issues, the defendant filed a response to the Court's directive and attached an affidavit on the privacy issue. See Defendant's Supplemental Memorandum of Law filed April 13, 2006. This was the first time that defendant had ever submitted any evidence at all regarding his expectation of privacy, notwithstanding the fact that the government had properly challenged him to meet his burden regarding this issue. In reply, the government noted that this affidavit was not a part of the original record in this case, and urged the Court not to accept the defendant's submission.2/ See Government's Reply to Defendant's Supplemental Memorandum of Law,

---

2/ After the conclusion of the evidentiary portion of the motions hearing on February 24, 2006, the Court indicated that there would be no opportunity to add additional facts to the record
(continued...)

page 2, note 3. The government further asked that if the Court considered the defendant's submission, that the government also be afforded the opportunity to submit rebuttal evidence on that issue, and that the government also be afforded the opportunity to cross examine the defendant on the submission he provided. See Id. In an order issued on April 14, 2006, the Court stated that the government would only be permitted "very brief, controlled cross-examination of the defendant on his affidavit at the Status Conference." See Court's Order dated April 14, 2006. Implicit in that order was the denial of the government's request to submit rebuttal evidence regarding defendant's affidavit or his expectation of privacy in this case. Under those circumstances, the government did not submit any rebuttal evidence or cross examine the defendant regarding his submission, but argued that the defendant's submission did not establish sufficient facts for the Court to find that the defendant had a valid, objective expectation of privacy in the property seized or the location from which the seizure was made.3/

---

2/(...continued)
in this case, and that both parties would be permitted to elucidate based on the facts adduced at the suppression hearing and relevant case law. See Transcript at 75. Consequently, the government reasonably believed that the factual record in this case was closed, and that neither party would be permitted to supplement the record with any additional evidence.

3/ Based on the Court's ruling implicitly disallowing the submission of rebuttal evidence by the government and allowing limited cross examination by the government, the government made the reasonable inference that the Court had determined that the defendant's submission did not establish sufficient facts to support an expectation of privacy finding, and that therefore no additional evidence to refute the defendant's submission would be necessary. The government did not expect that the Court would make a finding that the defendant had an expectation of privacy based solely on an affidavit submitted by the defendant without giving the government the opportunity to rebut the defendant's evidence on that issue, particularly since the government could not have previously rebutted the issue because the defendant had not offered evidence on that issue during the evidentiary hearing on suppression.

The government has now filed a motion seeking reconsideration of the Court's finding that the defendant had an expectation of privacy under the facts of this case. Since the Court relied on the defendant's affidavit in making that determination, and since the government has not had the opportunity to submit its rebuttal evidence on that issue, the government's exhibits are properly attached to its motion for reconsideration, and should not be stricken.

Defendant relies on McRae v. United States, 420 F.2d 1283 (D.C. Cir 1969) and United States v. Greely, 425 F.2d 592 (D.C. Cir. 1970) for the proposition that the government must advance justification for failing to develop known issues at the time of the initial evidentiary hearing. See Motion to Strike Government Exhibits at 5. However, his reliance on those cases is misplaced. In the McRae case, the suppression issues had been decided by one judge, and the government was not permitted to present the same witness on the same issue to a second judge in order to try to obtain a different ruling. See McRae v. United States, 420 F.2d at 1286. Here, the case is before the same judge, and the government's affidavit goes to a different issue than the issues developed at the evidentiary hearing. Here, defendant never adduced any evidence regarding his expectation of privacy at any hearing in this case, despite the fact that the government requested that he carry his burden. Since the burden of the production of evidence regarding his expectation of privacy remained with the defendant, and since he failed to adduce evidence to meet that burden, the facts surrounding defendant's expectation of privacy have not been previously developed at an evidentiary hearing. The government cannot introduce rebuttal evidence on an issue before the defendant has made any preliminary showing of evidence. Consequently, the Government is not precluded by the McRae case from submitting its affidavit and developing rebuttal evidence on the issue of the defendant's expectation of privacy.

Similarly, United States v. Greely, 425 F.2d 592 (D.C. Cir. 1970) does not apply to the facts of this case. There, the court held that the government would be prohibited from relitigating an issue resolved by a suppression order when it had inexplicably failed to develop that issue at the initial hearing. Id. at 593. Here, the government properly raised the issue of standing at the initial hearing in response to the way the issues were framed in the defendant's initial motion to suppress.4/  The defendant's initial motion to suppress evidence did not indicate that he was propounding the vehicle's location on private property as grounds for suppression of evidence located therein.  In fact, his initial motion stated that the car was parked in an alley, not on private property as he now maintains. See Defendant's Motion to Suppress Physical Evidence at 2. Consequently, the government did not inexplicably fail to develop evidence on this issue as is prohibited by the Greely case. The government could not elicit rebuttal evidence regarding defendant's expectation of privacy at the hearing on February 24, 2006 when the defendant had not adduced any evidence on that issue, and when the defendant had not indicated in his initial motion to suppress his position that the vehicle's location on private property was a bar to its seizure by the government.

The defendant's motion makes numerous references to the fact that the government has filed many pleadings in this case. However, the government is compelled to point out that its pleadings were filed largely as a result of the defendant's failure to clearly set out his legal basis for suppression in his initial motion to suppress evidence. Specifically, the government initially

---

4/ As explained infra., in his initial motion to suppress, defendant only made general averments as to the lack of probable cause to arrest him and search his vehicle.  The defendant never raised the location of the vehicle on private property as a bar to its seizure until after the evidentiary hearing, when he replied to the government's supplemental response on March 24, 2006. See Defendant's Reply to the Government's Supplemental Response at 11.

notes that the defendant's motion to suppress did not specify that defendant was relying on the illegality of his arrest for carrying an dangerous weapon as a basis for suppression. Defendant's motion to suppress evidence averred generally that "officers did not have probable cause to arrest the defendant . . . ." and that "an evidentiary hearing will show that there was no legal basis to stop the defendant." See defendant's motion to suppress at pages 2 and 4. In his motion, the defendant cited the case of United States v. Christian, 187 F.3d 663 (D.C. Cir. 1999), for the proposition that an evidentiary hearing was necessary to show that his initial **stop** by police was illegal. There was never any indication in defendant's motion that his basis for suppression in this case was an illegality regarding his subsequent **arrest** for carrying a dangerous weapon. [Emphasis added.] At the evidentiary hearing on the motion, the defendant stated for the first time that he relied on the Christian case for the proposition that his arrest for Carrying a Dangerous Weapon was illegal. In fact, this failure to specify that the Christian case was the basis for suppression was noted by the Court. See Transcript at 69. Therefore, the resolution of the motion was appropriately delayed due to the defendant's failure to specify the basis of his claim of illegality. "[I]n the case of a claimed Fourth Amendment violation, the defendant has the burden of making a prima facie showing of illegality and demonstrating a causal connection between the illegality and the seized evidence." Duddles v. United States, 399 A.2d 59, (1979), citing Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 423-24 n.1, 58 L.Ed.2d 387 (1978). See also Alderman v. United States, 394 U.S. 165, 183, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Crews v. United States, D.C.App., 389 A.2d 277, 289 (1978); and United States v. Thompson, 409 F.2d 113, 116-17 (6th Cir. 1969).

The government also notes that in his initial motion to suppress, the defendant stated that the Lexus automobile at issue in this case was "parked in an alley." See defendant's motion to suppress at page 2. Throughout the motions hearing, the bulk of the testimony regarding the location of the Lexus was that it was parked behind 631 Emerson Street. While it is true that the location of the car was in fact behind 631 Emerson Street, it was eventually clarified that the car was actually parked on the premises of that address, and not in the alley or the street itself. Consequently, the mistaken impression that the car was actually on the public street, as opposed to the property where it was ultimately found, is not unreasonable given the way the case has unfolded. More importantly, however, is the fact that since the defendant never maintained that his initial motion to suppress was based in any part on the vehicle's location on private property, the government could not have responded to this basis for suppression before it was raised.

Wherefore for these reasons and any other reasons as may appear to the Court, the government requests that the defendant's motion to strike the exhibits attached to the government's motion to reconsider be denied.

        Respectfully submitted,
        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY


        _____/s/_____
        WANDA J. DIXON
        ASSISTANT UNITED STATES ATTORNEY
        555 Fourth Street, N.W.
        Fourth Floor, Room 4122
        Washington, D.C. 20530
        (202) 514-6997